UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>        Plaintiff     )<br>                              )<br>   v.                        )<br>                              )<br>THOMAS MARTINEZ-ORTIZ    )<br>        Defendant    )<br>_____) | Cr.# 14-10285-FDS |

**SENTENCING MEMORANDUM OF DEFENDANT PURSUANT
TO F.R.Cr.P. RULE 32(a)(C) and 18 U.S.C. § 3553(a) AND REQUEST
FOR A SENTENCE BELOW THE ADVISORY GUIDELINE RANGE**

*"Those whom we would banish from society or from the human community itself often speak in too faint a voice to be heard above society's demand for punishment. It is the particular role of courts to hear these voices, for the Constitution declares that the majoritarian chorus may not alone dictate the conditions of social life."* <u>McCleskey v. Kemp</u>, 481 U.S. 279 (1987) (Brennan, J. dissenting).

This memorandum is being submitted to assist this Honorable Court in its determination of the most appropriate sentence for Mr. THOMAS MARTINEZ-ORTIZ by addressing each of the available sentencing options under the provisions of 18 U.S.C. § 3553(a) as constitutionally required by the Supreme Court. This memorandum submits reasons why this Court should consider *a sentence of time served together with ten months of house detention as a condition of three years of supervised release,* and no fines, based on all the §3553(a) factors.

1

**BACKGROUND**

Mr. THOMAS MARTINEZ-ORTIZ was arrested on June 17, 2014 by the Commonwealth of Massachusetts and detained for 58 days, on related charges, until August 7, 2014 when he was released on bail.  PSR ¶75.  On October 8, 2014, while on bail from the Commonwealth, Mr. MARTINEZ-ORTIZ was arrested by federal authorities on the related state charges. He was thereafter released on conditions.  Pretrial Services' records indicate that he complied with all Court-ordered conditions of release. PSR ¶5.

Mr. MARTINEZ-ORTIZ plead guilty on May 1, 2015, some 6 months post federal arrest, on <u>Count 1</u>: Conspiracy to Distribute heroin and fentanyl under, 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(C); <u>Count 4</u>: Distribution of heroin under 21 U.S.C. §§841(a)(1) and 841(b)(1)(C);   <u>Count 5</u>: Possession with intent to distribute heroin and cocaine under 21 U.S.C. 841(a)(1) and 841(b)(1)(C). Mr. MARTINEZ-ORTIZ does not face any mandatory minimum sentence.

**This offense**, is the one and **only conviction** in Mr. MARTINEZ-ORTIZ's criminal history record.  There is no relevant conduct which involves the use of violence, the credible threat of violence, the possession of a weapon, the trafficking of drugs to or with minors, or the death or serious bodily injury of any person.  He is also not an organizer, leader, manager or supervisor of others within a criminal organization; and he does not have any significant tie to any large-scale drug

trafficking organizations, gangs, or cartels.[1]

**18 U.S.C. § 3553 SENTENCING FACTORS**

1.  *The nature and circumstances of the offense*, 18 U.S.C. § 3553(a)(1).

At the time of the offense Mr. MARTINEZ-ORTIZ was not yet *21 years of age*. He made a very poor decision to participate in a serious felony offense by delivering drugs. The evidence indicates that Mr. MARTINEZ-ORTIZ participated on June 4, 2014 (no completed transaction) and June 13, 2014 by delivering 3.5 grams of heroin. In addition, on June 17, 2014, he was arrested by state authorities and found to be in possession of approximately 9.9 grams of heroin and 7.8 grams of cocaine. Prior to these dates, there is no evidence that Mr. MARTINEZ ORTIZ was implicated in any additional drug activity. PSR ¶53.

1B. *The history and characteristics of the defendant.*

Mr. MARTINEZ-ORTIZ is a United States citizen, born in Brockton, MA to parents who had different residences, one in the Dominican Republic and the other in Brockton, MA. PSR ¶77. As such, he fluctuated his living arrangements between Massachusetts and the Dominican Republic. Mr. MARTINEZ-ORTIZ has a history of substance abuse dating back to when he was 16 years of age. PSR ¶¶'s 93, 94.

With minimal education, and with these current legal charges, Mr. Martinez-Ortiz has managed to obtain employment

---

[1] The Attorney General of the United States on August 12, 2013 issued revised guidelines concerning charging quantities which require mandatory minimum sentences in cases where individuals have minor criminal histories. As stated therein: "Long sentences for low level, non violent drug offenses do not promote public safety, deterrence, and rehabilitation."

and live in a sober house in Brockton, MA since March 2015, PSR ¶88. To date, he still resides in Brockton, paying from his employment income for his sober housing accommodations.

Mr. MARTINEZ-ORTIZ candidly admitted his participation in the instant offense at a very early stage of the proceedings. In doing so, he has saved the government the expense of preparing the matter for trial.

(2)(A) (B) (C). *The need for the sentence "to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant.*

Mr. MARTINEZ-ORTIZ, as stated above, stands convicted of a serious drug offense for which he has accepted responsibility. Prior to his involvement in the instant action, he led a crime free, hard working life.

Mr. MARTINEZ-ORTIZ is now a young adult facing not only punishment from this Court, but the responsibility of financially helping to raise and educate his 4 year old child. PSR ¶85. He has obtained and maintained employment during the pendency of this matter while on pre-trial release. PSR ¶¶'s96-98. He lost a job at Wendy's, which decision was impacted by these charges. However, he went on to obtain another job at Double Tree House which requires that he travel from Brockton, MA to Danvers, MA on a daily basis.

Mr. MARTINEZ-ORTIZ is not an individual who is a threat nor a danger to society. To the contrary, he is a simple, hard

working individual. Unfortunately, at an early age of his life, no more than 21 years old, he made the poor decision to aid and participate in this drug distribution charge.

A *confinement to home detention with the opportunity for continued employment with three years of supervised release sentence* will act as a deterrent to keep Mr. MARTINEZ-ORTIZ from participating in any further crimes. It is a sentence that is "sufficient, but not greater than necessary" to fulfill the purposes of sentencing set out in 18 U.S.C. § 3553(a) and more than sufficient to impress upon Mr. MARTINEZ-ORTIZ and others similarly situated, the seriousness of his offense.

Mr. Martinez-Ortiz's compliance with his conditions of release is a testament of his desire to remain crime free and live as a law abiding individual. He is not someone who is likely to re-offend.


2 (D).  *"to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."*

Mr. MARTINEZ-ORTIZ is not an educated man, but he is a hard working man. He would surely benefit from any educational programs made available to him by Probation while serving any sentence imposed by this Court.


(3).  *The kinds of sentences available.*

The U.S.S.G. recommend a ten month to a sixteen month incarceration sentence. However, this Court has the authority to impose a below guidelines sentence, inclusive of home

5

detention (with the ability of continued employment) as part of three years of supervised release.

To be sure: "[t]he potential for rehabilitation also may comprise grist for the sentencing court's mill. ... [A] founded prospect of meaningful rehabilitation remains a permissible basis for a variant sentence under the now-advisory guidelines. See 18 U.S.C. § 3553(a)(2)(C), United States v. Martin, 520 F.3d 87, 93-94 (1st Cir. 2008). See also: United States v. Sklar, 920 F.2d 107, 116-17 (1st Cir. 1990) (explaining that, "in an appropriate case, a defendant's pre-sentence rehabilitative efforts and progress . . . can so far exceed ordinary expectations" as to provide a basis for a downward departure).

The Supreme Court in Pepper v. United States, 562 U.S.__, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011) specifically declared that:

> [The Defendant's] exemplary post-sentencing conduct may be taken as the most accurate indicator of "his present purposes and tendencies and significantly to suggest the period of restraint and the kind of discipline that ought to be imposed upon him." *Ashe*, 302 U. S., at 55 [Sullivan v. Ashe, 302 U. S. 51 (1937)]... [R]ehabilitation bears directly on the District Court's overarching duty to "impose a sentence sufficient, but not greater than necessary" to serve the purposes of sentencing"

Importantly, he is a *first time offender with no prior criminal history*. Minimal or no prior involvement with the criminal justice system is a powerful predictor of reduced likelihood of recidivism. See *A Comparison of the Federal Sentencing Guidelines Criminal History Category and the U.S. Parole Commission Salient Factor Score* (Jan. 4, 2005), http// www. ussc. gov/ publicat/RecidivismSalientFactorCom.pdf; *Recidivism and the First Offender* (May 2004), http://www.ussc. gov/publicat/Recidivism-First Offender.pdf.

In considering a sentence, the cost of incarceration versus other available means of effectuating punishment and deterrence may also be considered.  According to the Bureau of Justice statistics from 2006, probation and "parole" result in only a 7% rate of return to incarceration for a federal offender on probation or parole. See http://www.ojp.usdoj.gov/bjs/pub/pdf/ppus06.pdf table 5.  Probation supervision through supervised release is also a more cost effective alternative to longer BOP incarceration. See http://www.nyfederalcriminalpractice.com/2008/05/government-estimates-costs-of.html.

(4).  *The applicable category of offense under the Advisory Guidelines.*

Mr. MARTINEZ-ORTIZ agrees that Probation's calculations of the applicable Sentencing Guidelines, in the instant matter, are correct.   See PSR ¶¶'s 57 - 12:

**Base Offense Level U.S.S.G § 2D1.1**                                          **14**

**Acceptance of Responsibility**                                                **-2**


**Total Offense Level**                                                         **12**

**Criminal History I**

**Advisory Guideline Imprisonment Range         10 to 16 months**

Although Mr. MARTINEZ-ORTIZ is cognizant that the sentence that he suggests is less than the advisory range calculated above, this Honorable Court is free, however, to closely look at the advisory range, his conduct, sentencing options and alternatives, and determine that the advisory guideline sentence would be far greater than necessary to fulfill the sentencing goals of 18 U.S.C. §3553(a).

**FACTORS IN MITIGATION IN SUPPORT OF A SENTENCE BELOW THE ADVISORY GUIDELINE SENTENCING RANGE**

This Honorable Court has broad discretion in determining when there exists mitigating circumstances warranting a variance or a "departure" from the Sentencing Guidelines. Mr. MARTINEZ-ORTIZ respectfully suggests that many mitigating circumstances exist in this particular case which, when considered, address all the goals of sentencing*, rather than the generalized advisory guideline drug quantity range.*

For example, this Court may consider the following:

1. Mr. MARTINEZ-ORTIZ's age at the time of the offense. He was merely 20 years of age.
2. Mr. MARTINEZ-ORTIZ's lack of education and training.
3. Mr. MARTINEZ-ORTIZ's efforts to obtain and maintain employment. Even though his employment (in Danvers) is far away from his residence (in Brockton).
4. Mr. MARTINEZ-ORTIZ's decision to obtain and maintain sober free housing.
5. The cost of incarceration of a non-violent, first time offender versus the cost of probation and supervised release.
6. Mr. MARTINEZ-ORTIZ's limited role in the offense and lesser culpability, 18 U.S.C. § 3553(a)(6); and the need to avoid unwarranted disparity.

**SENTENCING RECOMMENDATION**

Mr. MARTINEZ-ORTIZ recognizes that he must be punished for his actions and respectfully asks this Honorable Court to consider a sentence of time served (approximately two months) *with* ten month home detention as a condition of three years of

supervised release. Such would allow him to continue employment and remain supportive of himself and his child. Rule 32 (d)(2)(D) and (F) directs that the Court can not only consider 3553(a) factors but also, when appropriate, the nature and extent of non-prison programs and resources. Mr. MARTINEZ-ORTIZ further requests that this Court find that he has no ability to pay a fine.

Date: July 13, 2015                Respectfully submitted,

                                   /s/   *Victoria M. Bonilla*

                                   Victoria M. Bonilla-Argudo
                                   BBO# 558750
                                   Bourbeau & Bonilla, LLP
                                   236 Commercial St., Unit One
                                   Boston, MA 02109
                                   (617) 350-6868

                                   Attorney for Defendant

**Certificate of Service**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.
                              s/   *Victoria M. Bonilla*